In re Christine E. HARRIS, Debtor.

Christine Harris, Plaintiff,

v.

Citigroup Inc., Citifinancial Company, Citifinancial Inc., Citifinancial Alabama, Inc., Associates First Capital Corporation, Associates Corporation of North America, Associates Financial Services Company, Inc., Associates Financial Services Company of Alabama, Inc., Citifinancial Corporation, LLC, C & W Heating & Cooling, Inc., Allen Jackson, Patt Riggins, Dina Faulk, et al., Defendants.

Bankruptcy No. 02–31361–DHW.
Adversary No. 02–3128–DHW.

United States Bankruptcy Court, M.D. Alabama.

April 17, 2003.

James E. Walker, III, Montgomery, AL, for Debtor.

Derek F. Meek, Michael L. Hall, Birmingham, AL, for Citigroup.

C. Lance Gould, Montgomery, AL, for Harris.

Stanley A. Martin, for C & W Heating.

Curtis C. Reding, Montgomery, AL, trustee.

## MEMORANDUM OPINION

DWIGHT H. WILLIAMS, JR., Bankruptcy Judge.

The debtor filed a motion to remand this adversary proceeding to the Circuit Court of Montgomery County, Alabama.

The motion came on for hearing on April 15, 2003. Upon consideration of the briefs and arguments of counsel, the court concludes that the motion is due to be granted because the court lacks subject matter jurisdiction of this adversary proceeding. The relevant facts are not in dispute.

The debtor filed a chapter 13 petition for relief on May 2, 2002. The debtor did not disclose a potential prepetition cause of action arising out of loan transactions with the defendants. The plan was confirmed on June 26, 2002.[1] The plan proposed 100% payment on allowed unsecured claims. The debtor failed to make the payments required under the plan, and the case was dismissed effective October 1, 2002. The case was closed on October 10, 2002.

After commencing the chapter 13 case, the debtor filed the instant complaint in state court on July 22, 2002 alleging state law causes of action arising from loan transactions with the defendants.[2] The debtor demanded a trial by jury.

After the chapter 13 case was dismissed, eleven of the defendants removed the state court action to the bankruptcy court on October 30, 2002. A twelfth defendant joined in the removal.

The debtor filed a motion to remand the action to the state court contending, *inter alia*, that the court lacks subject matter jurisdiction of this proceeding.

The defendants oppose the motion to remand. The defendants filed a separate action (Adv.Proc. No. 02–3157–DHW) to enjoin the debtor from prosecuting this adversary proceeding. The defendants assert that the debtor's claims are barred by various "prior adjudicatory defenses."[3] The defendants moved to stay consideration of the motion to remand pending a ruling on the issues raised by the independent action.

The debtor opposes the motion to stay contending that the court lacks jurisdiction of both the removed civil action and the independent action. The court agrees.

■ The bankruptcy court is a court of limited jurisdiction. *In re Munford*, 97 F.3d 449, 453 (11th Cir.1996). The court's jurisdiction is limited to "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).[4]

■ This section creates jurisdiction in only three categories of proceedings: those which (1) arise under title 11; (2) arise in a case under title 11; or (3) are related to a case under title 11. The bankruptcy court's jurisdiction is "derivative of and dependent upon these three bases." *Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A. v. Alvarez (In re Alvarez)*, 224 F.3d 1273, 1280 (11th Cir.2000).

■ " 'Arising under' proceedings are matters invoking a substantive right created by the Bankruptcy Code," *Carter v. Rodgers*, 220 F.3d 1249, 1253 (11th Cir. 2000), matters involving a "cause of action created or determined by a statutory provision of title 11." *Maitland v. Mitchell*

---

**1.** Citifinancial Corporation filed a proof of claim.

**2.** The complaint alleged the following claims: (1) fraudulent misrepresentation or omission; (2) negligent hiring, training and supervision; (3) wanton hiring, training and supervision; (4) unconscionability; and (5) unjust enrichment.

**3.** The defenses include res judicata, judicial estoppel, equitable estoppel, waiver, and the effect of 11 U.S.C. § 1327(a). All of the defenses arise out of the debtor's failure to disclose her cause of action in the chapter 13 case.

**4.** The jurisdiction is original but not exclusive. *Id.*

*(In re Harris Pine Mills)*, 44 F.3d 1431, 1435 (9th Cir.1995).

■ "Arising in" proceedings are generally thought to involve "administrative-type matters ... that could arise only in bankruptcy." *Carter*, 220 F.3d at *1253; Maitland*, 44 F.3d at 1435. "In other words, 'arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Maitland*, 44 F.3d at 1435.

■ The Eleventh Circuit has used the following test for determining whether a proceeding is "related to" a case under title 11:

"'[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy.'" *Lemco Gypsum, Inc.*, 910 F.2d at 788 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984)). In other words, "'[a]n action is [sufficiently] related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.'" *Lemco Gypsum, Inc.*, 910 F.2d at 788 (quoting *Pacor, Inc.*, 743 F.2d at 994).

*Munford*, 97 F.3d at 453 (11th Cir.1996). "The 'related to' connection has been described as 'the minimum for bankruptcy jurisdiction.'" *Continental Nat'l Bank of Miami v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1345 (11th Cir.1999). "In order for the bankruptcy court to exercise subject matter jurisdiction over a dispute ... some nexus between the civil proceeding and the title 11 case must exist." *Munford*, 97 F.3d at 453 (11th Cir.1996) (citing *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 787 (11th Cir.1990)).

■ The issue is whether the removed civil action and the independent action arise under title 11, arise in a case under title 11, or are at least related to the debtor's chapter 13 bankruptcy case.[5] Because the independent action merely asserts defenses to the removed civil action, the jurisdictional analysis for both actions is the same.

In the removed civil action, the debtor asserts claims arising from loan transactions with the defendants. The claims arise under state law and do not invoke a "substantive right" or "cause of action" created by the Bankruptcy Code. Therefore, the action does not "arise under" title 11.

Neither does the action "arise in" a case under title 11 because the action could (and did) exist outside of the bankruptcy. In fact, the claims in the removed action arose before the bankruptcy case was even filed.

The sole remaining basis for jurisdiction is "related to." The action is related to

---

5. The Sixth Circuit has expressed the minimum nexus concept as follows:

For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between the second, third, and fourth categories (proceedings "arising under," "arising in," and "related to" a case under title 11). These references operate conjunctively to define the scope of jurisdiction.

See *In re Wood*, 825 F.2d [90] at 93 [(5th Cir.1987)]. Therefore, for purposes of determining section 1334(b) jurisdiction, it is necessary only to determine whether a matter is at least "related to" the bankruptcy. *Id.*

*Michigan Employment Security Commission v. Wolverine Radio Co., (In re Wolverine Radio Company)*, 930 F.2d 1132, 1141 (6th Cir. 1991).

the chapter 13 bankruptcy case if "the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *Lemco Gypsum*, 910 F.2d at 788.

However, there is no estate which is being administered in bankruptcy. The estate ceased to exist when the chapter 13 case was dismissed. 11 U.S.C. § 349.[6] The case has not been reinstated, and the court knows of no grounds for reinstatement.[7] Therefore, the removed civil action could have no conceivable effect on a non-existent estate.

For the same reason, neither could the outcome "alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively)" or in any way impact "upon the handling and administration of the bankrupt estate." *Lemco Gypsum*, 910 F.2d at 788.

The court therefore concludes that it lacks subject matter jurisdiction of the removed civil action and the independent action because the actions neither arise under title 11 nor arise in or are related to a case under title 11.

The defendants argue, however, that this court has "inherent" jurisdiction to enforce its own orders. The defendants assert that the confirmation order in the chapter 13 bankruptcy case constituted an adjudication of the nonexistence of the debtor's claims against the defendants. The defendants contend that dismissal of the bankruptcy case does not eliminate the "prior adjudicatory" effect of the order.

First, however, the court has no subject matter jurisdiction outside of the three bases prescribed in 28 U.S.C. § 1334. As stated above, the court's jurisdiction is "derivative of and dependent upon these three bases." *In re Alvarez*, 224 F.3d at 1280 (11th Cir.2000).

Second, it appears that the defendants are not so much requesting the court to enforce the confirmation order as to determine the legal effect of the confirmation order.[8] The "prior adjudicatory defenses" asserted by the defendants are equally applicable in state court, and the state court is competent to determine the legal effect of the order.

A separate order will enter remanding this action to Circuit Court of Montgomery County, Alabama.

## ORDER REMANDING PROCEEDING

In accordance with the Memorandum Opinion entered this day, it is hereby

ORDERED that the debtor's motion to remand is GRANTED, and this adversary proceeding is hereby REMANDED to the Circuit Court of Montgomery County, Alabama. The Clerk of Court is DIRECTED

---

**6.** By operation of law, dismissal of a case "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." 11 U.S.C. § 349.

**7.** The court notes that relief under chapter 13 is generally voluntary. An involuntary case can not be commenced under chapter 13. 11 U.S.C. § 303. Moreover, a debtor has an absolute right to voluntarily dismiss a chapter 13 case at any time as long as the case had not previously converted from chapter 7, 11, or 12. 11 U.S.C. § 1307(b).

**8.** The confirmation order provided for payments by the debtor to the trustee in the amount of $42.00 per week for a period of 38 months or until 100% was paid on allowed unsecured claims. The order further provided for payment of the debtor's attorney in the amount of $1,300, a filing fee in the amount of $185, payment of a notice fee, and payment of a secured claim in the amount of $4,269.14 with 11% interest in installments of $127.97 per month. The defendants have not asked for any of these provisions to be "enforced" nor could they be enforced in this dismissed chapter 13 case.

to take the necessary action to effect re-mand.